Gaston, Judge,
 

 after stating the pleadings and proceedings in the cause as above, continued as follows : Upon the hearing very little material evidence has been offered on either side with regard to the matters put in issue by the pleadings. The plaintiff has exhibited several letters received from the defendants Henry W. Conner and George L. Davidson in answer to applications made to them by him for a settlement of the matters involved in this suit. Those of Mr. Conner are all in accordance with the spirit manifested in his answer, expressive not only of willingness, but of solicitude that a settlement should be made which might render justice to his sister, and declaring his hope that Mr. Davidson would not hesitate in complying with the plaintiff’s wishes, and going into a settlement agreeably to the will of his testator. Unfortunately, Mr. Davidson pursued a different course. He refused to make any settlement— insisted that he had nothing to settle — that he had already settled in 1821, and that it was for Graham and Conner to settle and show a deficit against him.
 

 No account is' exhibited to us as having been made at the time of the alleged settlement in 1821 — no evidence of any kind offered to show what was the basis of the alleged settlement, or what matters were included in it — and no receipt or discharge of any kind from John D. Graham or Henry W. Conner. The settlement with Worke is exhibited. It purports to be an account current of Robert Worke as guardian of Henry W. and Elizabeth E. Conner, on which a balance is struck in their favor of $602iV¡r, due on the 25th July, 1825, and is signed by R. Worke and Henry W. Conner. It appears from the deposition of James Graham, that after the death of Worke he was informed by Mr. Conner, that he had settled his business with Worke, and wanted a judgment taken for the balance acknowledged to be due thereon — that the witness was referred to some person, as he thinks, John Mushat, one of Worke’s executors, for the settlement — that the same was afterwards handed to him, as
 
 *166
 
 he believes, by Mr. Mushat — that upon examining it he found the balance thereon stated acknowledged as due to Mr. Conner and his sister, the wife of the witness’s brother John and that thereupon without any consultation with his brother, and so far as he is informed without his brother’s knowledge, he issued a writ in the joint names of Henry W. Conner and John D. Graham and wife against the executors of Worke in the County Court of Iredell, where the executors resided, and had judgment accordingly.
 

 We have no hesitation in saying that the plaintiff is entitled to a full account from the defendant George L. Davidson, as guardian of his deceased wife and intestate, and of course to an account from said defendant of his administration of the estate of Charles Conner, for the purpose of ascer-táining the funds which came or ought to have come to his hands as her guardian. ' There is no trust which can be reposed in one person over the property of another, in regard to the management whereof a full and detailed account is more imperiously demanded than in that which the law confides to a guardian over the estate' of his ward. It does not appear that
 
 any
 
 account has been rendered thereof. An effort towards an estimate of the balance that might be due from Mr. Davidson has indeed been made between him and Mr. Conner, and payments were made in pursuance thereof, but to hold this loose transaction to be an account settled between the guardian and Mrs. Graham — when it is not seen that any account was stated — nor what were the matters embraced within the attempt to settle — when the guardian will not himself swear that as far as it went the same was correct — but leaves the ward to make full proof if she can that it was not correct — would be to violate, as we think, the plainest principles of equity. It is greatly to be regretted that Mr. Davidson should have been so advised, for otherwise there is little doubt but that all the matters involved in this expensive, tedious and vexatious suit might long since have been arranged, and with a greater likelihood of doing justice to the parties than is now practicable. We also hold that the plaintiff is not prevented by the account stated between Mr. Conner and Mr. Worke from having a full account either against Davidson or Worke’s executors,
 
 *167
 
 because of any of the matters professed to be thereby settled, if for no other reason, for this, that it is not shown that he or bis wife was any party thereto. What influence that settlement may have as evidence in regard to items of which full proof cannot now be had, may be a proper subject of inquiry when considering of the exceptions. The plain, tiff, upon the answer of Mr. Conner, is entitled to an account of the matters therein admitted as remaining to be settled between them.
 

 To understand the nature and bearing of the exceptions it is proper to advert to the manner in which the commissioner has taken the accounts reported. In the first place he has stated an account marked A, and called the executors to account, for the purpose of ascertaining what was the balance in the hands of Davidson on the 1st of January 1810, when he entered upon the exercise of his office as guardian, due to Mrs. Graham, then Miss Conner, upon her father’s estate. In the next place he has stated an account marked B, between Worke and Davidson as her guardians, commencing with the 1st of January 1810, and terminating with the year 1817, in which the balance ascertained as due to her upon account A, enters as a part of her estate. The commissioner then stated an account C, between the defendant, Henry W. Conner, and the said Worke and Davidson as guardians, commencing and terminating at the same time with the account B ; and having ascertained that in 1817 the said Henry had received not only what was due to him, but a part of what was due to his sister from Davidson and Worke, he commenced a new account D, between Dayidson and Worke and the plaintiff’s intestate, in which they are credited with the balance in their favor on the account C, and continued this account D to the day of making 'he report. In the account D the guardians are further credited by all their subsequent advances made to either of '.heir wards. The account E, is between the plaintiff and the defendant, Henry W. Conner, in which the latter is debited with all that he has received beyond what was due to him'. The final result as stated by the commissioner is, that the defendant, Davidson, owes to the plaintiff the sum of $4,406¡Vs, of which the sum of $3,532-jVV is principal, and
 
 *168
 
 that the defendant, Conner, owes to the plaintiff the sum of $3,103-íV¡t, of which
 
 $ 1,24Of<jL0-
 
 is principal money.
 

 frrence by consent to tosíate an andado ingsoto certahV1 omiskon to set them furnish no objection to the report, if it ;appear that they are not necessary for the de-termination of the arising3 ingsPlead~
 

 The defendant, Davidson, hath taken twenty-one exceptions to the account A, and eight to the account B; the defendant, Conner, hath taken eleven exceptions, and the plaintiff hath filed two sets of exceptions, the first containing five, and the second called additional exceptions, containing thirteen.
 

 In noticing these, it is deemed advisable to dispose of the matter embraced in the 20th of Davidson’s and the last of Conner’s exceptions, which present in substance the same objection, that the commissioner hath not so made his report as to pursue the order of reference, or to embrace and apply to the matters arising on the pleadings, or to show upon what principles the several accounts accompanying the report have been stated. It has been seen that the reference was made by consent of the parties and without prejudice ; in effect it is their reference, and as such is regarded by us. So far as this objection is founded upon the omission of the commissioner “to set forth what amount of money or property was set apart by the will of Charles Conner for the payment of debts, and what amount was set apart for educating his children,” it is overruled as immate-m-L It conclusively appears upon the face of the report, that the funds thus provided by the will were more than sufficient for these purposes, and therefore an inquiry as to ^ie
 
 amount
 
 °f either is not
 
 apparently
 
 necessary for the determination of the matters arising on the pleadings. The residue of this objection, except in one particular, is unfound-ec* ’n htct, for the report pursues the order of reference by stating an account of. the administration of the assets of Charles Conner, what amount remained for distribution . , tanl, for the Court holds m regard to the property referred that whether it be embraced in the will, or not disposed thereby, it was alike divisible into equal shares between among the children and how the same was distributed, and sets forth the sums which came into the hands of Davidson and Worke as guardians, and how disbursed. The omission to state, which is the particular above excepted, the value of the property undisposed of by the will, is unimpor-
 

 
 *169
 
 the son and daughter of the testator, and the commissioner hath so treated it in his report. The principles upon which the commissioner hath proceeded in stating the accounts are declared with sufficient distinctness to enable the parties and the Court to judge of their correctness, and to understand their application; and the defendants have made these principles and their ■ application the matter of other exceptions. These therefore are overruled. •
 

 The first five exceptions of the defendant, Davidson, to the account A, may be properly considered together. This defendant objects to his being charged with the amount of notes returned in the inventory, with a judgment against James Kerr therein returned, amount not stated but since ascertained, with the amount of book debts also therein contained, and with the amount of certain sales set forth in the account of sales, because there was no proof that the same or the proceeds thereof came into the hands of Davidson ; because there was proof that a portion was collected by Charles Harris, and because a part thereof was bad, and a part subject to set-offs. The commissioner, we think, acted correctly in so charging the defendant. All these matters of charge were contained in inventories and accounts of sales jointly returned' by Harris and Davidson, and no evidence was offered by the latter to show what part, if any, came to the hands of his deceased co-executor. From the year 1805, in which Harris died, Davidson alone acted as executor of Charles Conner. In 1809, he was appointed guardian to the plaintiff. It was his duty as guardian to secure whatever portion of Charles Conner’s estate was due to her. It is proved that Harris left a good estate., and no attempt of any kind was ever made by Davidson to collect from Harris’s representatives any alleged balance due from Harris to Conner’s estate. Besides, Harris married the widow, and Davidson is credited for large sums of money paid in discharge of her distributive share of the estate. It is not to be presumed that such payments would have been made, if her husband held in his hands an amount sufficient to satisfy and extinguish, this demand. The only proof offered that Harris received any part of the estate, is a memorandum exhibited by Davidson, in which Harris ac.
 
 *170
 
 knowledges himself accountable for a number of notes, each particularly stated, amounting altogether to about $300. for judgment against Kerr, it was obtained at the last term of Iredell County Court preceding the testator’s death ; it is proved that Kerr was abundantly able to pay it, and Mr. Davidson in his answer to a particular charge in the bill relative thereto, says only that he does not remember who collected it. Besides, Harris’s vouchers for disbursements have been brought before the commissioner by Davidson, and he has had the same credited to him. As to set-offs against the debts inventoried— or as to credits because of the debtors becoming insolvent — the debts not being stated in the inventory to be desperate or doubtful — • these were matters which could not be assumed by the commissioner without proof, it will be seen in the consideration of a subsequent exception to what extent such proof has been made. As to the sales, the accounts returned not only show, but it is proved by witnesses that they were conducted by Davidson as well as Harris, in person. These exceptions are therefore overruled.
 

 The sixth exception is, for that the commissioner hath charged the defendant with the sum of one hundred dollars in the hands of the widow. The additional inventory annexed to the second account of sales, (marked E,) sets forth this sum as part of the assets of their testator with which the executors are chargeable. No doubt they took care when paying her the amount afterwards assessed by the jury for her distributive share, to claim the said
 
 $100
 
 as an advance
 
 pro tanto.
 
 This is also overruled.
 

 The seventh exception has been withdrawn. The eighth of this series of exceptions, as well as the first exception to the account B, and the first and sixth of the defendant Conner’s exceptions, depend upon the construction of the will of Charles Conner, and involve the main subject in contestation between the plaintiff and the last mentioned defendant. It is contended on his part, that the fund created by the testator for the payment of his debts and the schooling of his children, arising from the sale of his goods, the obligations due to him, and the judgment against Likely, Wardrobe & Co., and the
 
 interest
 
 upon the loan office certificates — subject
 
 *171
 
 to those charges — is by the will to be distributed, two thirds to his son and one third to his daughter. This construction cannot be maintained. The distribution thus directed is expressly restricted to the negroes and the hires of the ne-groes. The fund in question either passed to the two children equally by implication, from the application directed of its use, or was undisposed of by the will, and if undisposed of, it is equally divisible between them, because the mother takes only what was allotted to her by the jury upon her dissent, and they are his next of kin. These exceptions, therefore, must be overruled — except as to that part of the first exception to account B, which will be hereafter mentioned.
 

 The ninth exception, that the defendant is not allowed commissions on his disbursements, is overruled, for the commissioner hath allowed five per cent, commissions to the defendant upon the amount of the estate. The tenth exception is sustained for the sum of $138-¡Yo, and the interest thereon since January, 1791, wherewith the defendant has been charged for James' Conner’s notes. This note was returned in the first inventory without any comment, but in the account of sales of 1805 (E,) there is a memorandum that the same was believed to have been paid to the testator. The note had been due 13 years before the testator’s death ■ — was barred by the statute of' limitations — and has been returned by the executor as uncollected. The residue of the exception is overruled because it is unsupported by proof.
 

 The 11th exception depends upon the construction of that clause in the testator’s will which devises to his son the land called the Greenwood farm, with its appurtenances, including “ all stock ” on the same. In our opinion the word stock used in connection with farm or land has a settled meaning, whereby it is restricted to the animals which are used with, supported by, or reared upon it. No farmer or planter would think of passing the crop of the
 
 antecedent
 
 year made upon a tract of land and gathered, or his farming utensils, by a disposition of the plantation and the stock thereon. This exception is therefore overruled.
 

 Of the 12th exception we find no proof.
 

 
 *172
 
 The 13th exception is because the defendant hath been charged with interest without proof that the defendant used tjle fanc¡Si Intei’est, according to the usage of our Courts, follows debt as its ordinary attendant. Therein we depart from the English rule, and probably this deviation has resulted from the circumstance that in this country money never lies idle, and he who holds from another what is his, is presumed, until the contrary appears, to have laid it out in schemes of profit. In this case however, interest is to be charged necessarily, unless we make a gift to the executor of the interest which Accrued upon a fund producing interest. It has been calculated upon the notes and debts from the time they became due, and upon the sales from the expiration of the time of credit. There has been no interest account kept by the executor to show that less was in fact received. This exception is overruled.
 

 The 14th exception is admitted to be well founded.
 

 The 15th exception, we find supported by proof as to one small item. On examining the voucher as to P. Johnston’s note we find that the defendant has been
 
 credited with
 
 when he ought to have been credited with $21-¡V-0-. To the extent
 
 of
 
 this difference and the interest upon it the exception is allowed, and as to the residue is overruled.
 

 The 16th has been withdrawn.
 

 The 17th exception, so far as it can be considered as applying to the commissions which the defendant claims, is unfounded, for these have been allowed upon the whole amount of the estate whether consisting of principal or interest — which is equivalent to allowing him interest upon the commissions. As to payments properly so called, they have been credited as of the time when made, and interest calculated on large items from the very day, and with respect to expenditures consisting of a great number of small items, the commissioner hath ascertained the amount of each year, and allowed interest thereon from the middle of that-year. This exception is overruled.
 

 The 18th exception, for that the commissioner hath not allowed a credit in the account A, for the value of a horse, carriage and harness, given by the will of Charles Conner to his son, is allowed. It ought to be credited in that account
 
 *173
 
 as though the legacy had been paid, so as to diminish the general balance thereof which is divisible between the son and the daughter. The defendant is to be credited therefor the sum of $275.
 

 The 19th hath been withdrawn.
 

 The 21st is, for that the commissioner hath not credited the said defendant with $440, part of the widow’s share allotted to her by the jury. We shall have occasion to consider the objections made by the plaintiff to the defendant having any credit because of the share allotted to the widow, and showing wherefore we overrule them. For the reasons then to be stated we allow this exception. Very clearly the jury have charged upon the executors this sum as well as the balance of $2,138-^, which they state as remaining due “ after the $440 shall have been paid.”
 

 The first exception of the defendant Davidson to the account B, hath been already in the main overruled. It is of course to be sustained, so far as may be rendered necessary in consequence of the allowance of exceptions to the account A, affecting the balance to be carried into the account B.
 

 The second, third, fourth, and fifth exceptions will be considered together. In January, 1811, the defendant Davidson delivered over to Robert Worke, notes and bonds belonging to the infant children of Charles Conner to the amount of $2,065-f¡ftr» and suffered Worke to have the management of their property for some years thereafter. At the en4 of the year 1815, in which year the guardianship ceased, Worke owed to the wards a sum
 
 far short
 
 of the amount placed in his hands. He died insolvent, and Davidson insists that he is not liable for this deficiency. It seems to us that he is liable. He was in truth the separate guardian of the plaintiff’s wife, and if he thought proper to place her money in the hands of Mr. Worke, or confide her estate to his management, he must be responsible for the insolvency or infidelity of his agent. But if he and Worke are to be considered joint-guardians, as they claimed to be, still the sum of $2,065fW passed from his hands into those of the other guardian, and it is a settled principle that where by the act or agreement of one trustee, money gets into the
 
 *174
 
 hands of his co-trustee,
 
 both
 
 are answerable for it. These are therefore overruled.
 

 Where the son executor of an estate and guar-fegatees^it counts as executor and guar-dia"> 1,°. credit him in the first h¡ín inüie6 withna leuacy given ward!
 

 The sixth and seventh exceptions, claiming credits beyond those allowed by the commissioner for the board, tuition and personal expenses of Miss Conner, must be overruled, for there is no evidence to support them. The exceptions are in a great degree founded on mistake arising from the cir-cusmtance that the credits are entered in the account according to the
 
 dates
 
 of the
 
 vouchers
 
 — and these show the expenses of antecedent years, for which no credit would appear to have been allowed. In the whole they amonnt to a large sum, and we cannot say that in truth the expenditures were greater.
 

 The last exception to this account on the part of the defendant Davidson is, for that he is improperly charged for the legacy of a horse, bridle, and saddle, bequeathed to the testator’s daughter. Upon looking at , , . , , . ‘ , . , ° . the account A, it will be seen that the value of this legacy is substracted from the balance there stated. In other words, defendant ig charged as guardian but credited as executor for the amount, This is obviously correct.
 

 set, and the 4th and 6th, 11th and 12th of his second set, or , . .... . additional exceptions, are provisional only, and designed to be insisted on only in the event that certain exceptions taken ky the defendants should prevail. As the latter have not been allowed, these are of course overruled, Of the plaintiff’s exceptions, the 1st and 3d of the first
 

 The second exception brings to our notice a matter upon which the plaintiff is entitled to an inquiry. The interest on the funded debt was by the will to be applied to the education- of the testator’s children. Both were entitled to the benefit of this interest — although the principal was bequeathed to the son. It is nowhere noticed in the report or in the accounts. There ought to be a further inquiry as to the subject matter of this exception, ascertaining what amount was received and by whom, and how applied — and who, if any one, is chargeable to the plaintiff by reason of her share thereof.
 

 The 4th exception, as well as the 2d, 3d and 5th of the additional exceptions, are intimately connected with an
 
 *175
 
 exception of the defendant, Conner, and will be taken notice of when that is considered.
 

 The 5th exception is unfounded. The sum of $526, 67, .excepted to. is not a payment because of hires subsequent to the division. Notes to that amount, in the language of the voucher, were “ taken,” that is to say were delivered over in payment after the division, but they were for hires that accrued before.
 

 The 1st and 13th of the additional exceptions object to the defendant being credited with any part of the share of the personal estate of the testator allotted to the widow. It seems to us that under the circumstances of tins case, and as between the parties in this suit, the executor is entitled to credit for all that was so allotted. The widow to whom the assignment was made by the jury was the mother of the plaintiff’s intestate, and of the defendant, Henry W. Conner, who were alone interested in lessening that allotment ;she was also one of the executors of the will, and for ought that appears to the contrary, she is yet living. /The assignment, if liable to formal or even substantial objections, was made upwards of thirty years ago under the authority of a Court of competent jurisdiction, and by a jury as directed by the act of assembly. This return gave the widow a sufficient
 
 prima facie
 
 warrant whereupon to exact payment, and at this day, when up to this moment there has been no complaint against the return and no complaint on her part that payment has been withheld, a payment is to be presumed. Indeed so far as we can collect from the vouchers laid before the commissioner, not only has payment in full been established, but it appears that she received from Davidson
 
 in addition thereto
 
 one third of what came to his hands on account of the Likely debt.
 

 Moreover, in the bill the plaintiff states that the widow’s distributive share had been laid off in pursuance of her dissent, and had been paid to her by the defendant. It is not alleged that its amount was excessive, or the proceedings irregular — and there is an admission that it has'been paid. If after this lapse of time it is designed to impeach the validity of this assignment, Mrs. Harris ought to be made a party so that she may sustain'd, and if she cannot sustain it, so
 
 *176
 
 that she may be made liable in the first instance for what has been improperly received under it. These exceptions are overruled.
 

 The 7th exception is overruled, because it is not shown that produce or money was used and expended in the making of a crop on the Greenwood farm in the year 1804. If this had been shown, it would then have been a material inquiry how the crop made thereon had been applied.
 

 The 8th exception is clearly good in part. The amount of book debts is stated in the account A, at !$l,609-ia5B-0-, whereas it should have been $1,820-^. The error was occasioned by the commissioner taking as the whole amount of debts due the testator what is stated in the inventory as the net amount after deduction of debts owing by him. For such of these debts as have been discharged by the executors they have been credited in the administration account. The residue of this and the 9th exception are overruled as not being sufficiently supported. The lOtfi exception is so far supported as to render an inquiry in relation thereto proper. It appears by a receipt of Henry W. Conner to G. L. Davidson of the 8th Dec. 1814, that the latter, as his guardian, put into his hands a receipt of Peter Epps for a note of Dunn and Caldwell, of Petersburg, for $414. This probably was on account of the Likely debt. It does not appear what was received thereupon, or by whom. The subject matter of this exception is therefore recommitted to the commissioner for further inquiry and report.
 

 Of the exceptions taken by the defendant', Henry W. Conner, the first, sixth and eleventh have been already disposed of.
 

 The second is overruled, for the matter excepted to seems fully supported by the evidence.
 

 The third, fourth and fifth exceptions, as well as the second, third and fifth of the plaintiff’s second series of exceptions, are necessarily connected together. The commissioner having ascertained by the result of the account B, that there was due unto the plaintiff, because of the estate of his intestate which had come into the hands of her guardians, the sum of $7,51 OtW, of which $3,773-^ was principal money and $3,736-^ interest thereon to the 1st June 1837,
 
 *177
 
 proceeded in the account D to ascertain how far this debt had been diminished by the guardians, through payments made to the defendant, Henry W. Conner. The result of the account D, was to lessen the balance of the principal debt as first found from $3,773~f¡j¡j- to $2,532i8o\, and that of interest from $3,736-fjjj- to $ 1 ,874-¡Y-„-, and therefore in the account E, between the plaintiff and the defendant Conner, the latter is debited with the difference between the two first and the two last amounts, or with $l,240-f¡ft- principal money and $l,862-f¡£- interest. If the account D be correct, and the reduction of the balance thereon stated, be the result simply of payments made to Mr. Conner, the debit in the account E excepted to is proper. But we think, upon the evidence to which the report refers, both these matters are, to say the least, doubtful. In the account D the guardians are credited, and of course in the account E, Henry W. Conner is, by reason thereof, charged with the amount of the judgment obtained against Worke’s executors. It is admitted on all hands that the estate of Worke is insolvent. Whether that judgment has been paid or not, and if so to whom, or if not paid, whether it is good for the amount, are material inquiries in determining whether Mr. Davidson can claim credit on account of it, and so charge his co-defendant. Again, there are credits in the account D for the whole amount of the two notes given by Davidson in June 1821 to Graham and Conner, when the evidence is that these notes were reduced by deducting therefrom a note or due-bill of Conner’s for $200, and interest, overlooked when these notes were given, and we understand this to be the same that is credited before in the account D in 1816, as “ cash (G. L. D.) $200.” Besides, though it be proper in discharge of Davidson to credit him with the whole amount paid upon the two notes given in 1821, yet Conner ought not to be charged with more than
 
 he
 
 received, and ought therefore to be credited in account with Graham for the amount which was paid the latter by Davidson. We direct therefore that the subject matter of these exceptions, that is, the ascertainment of the amount received by Henry W. Conner from Davidson or Worke, or either of them, or of the estate of Worke above the amount due to him from
 
 *178
 
 them, be recommitted to the commissioner for further inquiry and report.
 

 The seventh exception is, for that the commissioner hath not allowed to this defendant, nor charged to the plaintiff, the value of the horse, carriage and harness bequeathed to this defendant by the testator. We have already disposed of this exception, so far as it seeks to charge the plaintiff in account with the executors with the amount of this legacy, in our judgment upon the 18th exception of the executor, Davidson. But this defendant is entitled to a credit for this legacy in his account C with the guardians; and therefore this is allowed as an exception to that account.
 

 The eighth exception is overruled because not supported by proofs. The ninth exception is overruled also. The commissioner hath actually made the settlement between R. Worke and the defendant, the basis of the account of Worke’s guardianship. He hath not rejected a single credit therein stated, nor hath he added a debit thereto but upon clear proof. This renders it unnecessary to consider whether the exception, if founded in fact, would have been valid.
 

 The tenth is a general exception, and from what now appears must necessarily be overruled.
 

 The result upon the exceptions, therefore, is that the 14th, 18th and 21st of the defendant Davidson’s exceptions to the account A, are allowed in full, and that the 10th and 15th of his exceptions to said account, and his 1st exception to the account B, are allowed so far as is mentioned in this opinion, and overruled as to the residue, and that the other exceptions of said defendant are wholly overruled ; that the 7th of the defendant Conner’s exceptions is allowed to the account C ; that the 8th of the additional exceptions taken by the plaintiff is allowed so far as is mentioned in this opinion, and overruled as to the residue ; that the matters embraced within the 2d and ,4th of the plaintiff’s first set of exceptions, and within the 2d, 3d, 5th and 10th of his additional exceptions, and also those matters which are embraced within the 3d, 4th and 5th of the defendant Conner’s exceptions, are referred to the commissioner to make further en-quiry and report thereon, and all the other exceptions taken
 
 *179
 
 by the plaintiff and the last named defendant are overruled, and that the report is to be recommitted to the said commissioner, so that the accounts may be remodelled according to the judgment given on the exceptions, and according to his finding upon the matters whereof the further inquiry has been directed.
 

 Per Curiam. Direct accordingly.